**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arron Shawn Bossardet, | No. CV-23-00297-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Centurion, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Extension of Time for Service and Request for Instruction (Doc. 11) and Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 12). For the following reasons, the Court will partially grant and partially deny Plaintiff's Motion for Extension and grant Plaintiff's Motion for Leave to File Second Amended Complaint.

## I.      Procedural History

Self-represented Plaintiff Arron Shawn Bossardet is confined in the Arizona State Prison Complex-Tucson ("ASPC-Tucson") and is proceeding in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (Docs. 1, 6.) In an August 22, 2023 Order (Doc. 6), the Court partially granted and partially denied Plaintiff's Motion for Leave to Exceed Page Limit (Doc. 4) and dismissed his Complaint (Doc. 1) with leave to file an amended complaint no longer than 30 pages. Plaintiff subsequently filed his First Amended Complaint. (Doc. 8.) On screening under 28 U.S.C. § 1915A(a), the Court ordered Defendants Centurion, Dennis, Sweetapple, Marroquin, Fernandez, Meyer,

and DeGuzman to answer Count One; ordered Defendants Salazar and Warren to answer Count Two; ordered Defendants Centurion and Warren to answer Count Three; and dismissed without prejudice Count Four and Defendants Supply Manager Doe 1, Oliver, NaphCare, Orm, and Registered Nurse Doe 2.   (Doc. 10.)   Plaintiff's Motion for Extension of Time for Service and Motion for Leave to File Second Amended Complaint followed.

## II.   Plaintiff's Motion for Extension of Time for Service and Request for Instruction

On February 23, 2024, Plaintiff filed a Motion for Extension of Time for Service and Request for Instruction, asking the Court to extend the service deadline for Defendants Dennis, Sweetapple, Marroquin, Fernandez, and DeGuzman.  (Doc. 11 at 1-2.)  Plaintiff explained that the prison no longer employs those Defendants, and he does not know their personal addresses.  (*Id.* at 1.)  Plaintiff stated that he completed service packets for all Defendants to the "fullest extent possible" and mailed them to the Clerk of Court.  (*Id.* at 2.)

On May 22, 2024, Defendants Centurion, Warren, Meyer, DeGuzman, Sweetapple, Dennis, Marroquin, and Salazar filed an Answer to Plaintiff's First Amended Complaint.  (Doc. 22.)  Accordingly, Plaintiff's Motion for Extesnion of Time for Service will be denied as moot to the extent it requests that the Court extend the service deadline for Defendants DeGuzman, Sweetapple, Dennis, and Marroquin.

It appears that the Clerk of Court returned to Plaintiff the service packet for Defendant Fernandez due to an insufficient address.  The Court will grant Plaintiff's Motion for Extension of Time for Service to the extent it requests an extension of the deadline for serving Defendant Fernandez.  Plaintiff must return a completed service packet for Defendant Fernandez and provide an address at which the United States Marshal's Service can effectuate service.  Alternatively, if defense counsel confirms that Defendant Fernandez wishes to waive service, defense counsel may file a waiver of service on behalf of Defendant Fernandez.

**III.    Plaintiff's Motion for Leave to File Second Amended Complaint**

Plaintiff requests leave to file a Second Amended Complaint to address the shortcomings the Court identified in his First Amended Complaint and to correct minor typos.  (Doc. 12.)

A party may amend its pleading once as a matter of course within 21 days after serving it or within 21 days after service of a responsive pleading or motion under Federal Rule of Civil Procedure 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  Otherwise, a party may amend its pleading only with the opposing party's written consent or with leave of court, which should freely be given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Courts consider five factors in deciding whether to grant a motion for leave to amend under Rule 15: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposition party by virtue of the allowance of the amendment, [and] futility of amendment."  *Day v. LSI Corp.*, 174 F. Supp. 3d 1130, 1152 (D. Ariz. 2016), *aff'd*, 705 F. App'x 539 (9th Cir. 2017); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Considering all Rule 15 factors, the Court will grant Plaintiff leave to amend.  Granting leave to amend would not be futile because the proposed Second Amended Complaint plausibly states claims against Defendants Centurion and NaphCare in Count Two that were not plausibly stated in the operative First Amended Complaint.  Given the procedural status of this case, allowing leave to amend will not cause undue delay or prejudice to those Defendants.  Finally, Plaintiff has not repeatedly failed to cure deficiencies by amendments previously allowed.  Accordingly, the Court will grant leave to amend under the liberal standards of Rule 15 and proceed to the statutory screening of the Second Amended Complaint.

. . . .

. . . .

. . . .

1

2

## IV.    Statutory Screening

### A. Legal Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less

stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

### B.  Plaintiff's Proposed Amendments

Plaintiff's proposed amendments are confined to Count Two, which raises an Eighth Amendment medical care claim.  (Doc. 12-1.)[1]  In Count Two, Plaintiff alleges that on April 18, 2022, Plaintiff had a post-operative follow-up appointment with his surgeon.  (Doc. 12-1 at 15.)  The surgeon instructed Defendant Centurion to provide Plaintiff with a heel wedge and follow-up appointment for his foot issues and referred Plaintiff to a knee orthopedist.  (*Id.*)  Plaintiff alleges that over the next year, Defendants Centurion and NaphCare were aware of Plaintiff's serious medical needs, including the need for a heel wedge, but made the deliberate choice to disregard his medical needs.  (*Id.* at 15-23.)

Plaintiff's proposed Second Amendment Complaint seeks to add two substantive allegations to Count Two.  First, Plaintiff alleges that Defendants Centurion and Naphcare "customarily failed to provide" prisoners, including Plaintiff, "with prescribed medical equipment, in violation of the 8th Amendment."  (*Id.* at 23.)  Second, Plaintiff alleges that this custom resulted from Centurion and NaphCare's "refusal to generate and implement policies regarding providing prisoners with prescribed medical equipment."  (*Id.*)  With the exception of these new allegations and the correction of three minor typos, Plaintiff's claims in Count Two of his proposed Second Amended Complaint are identical to those in his First Amended Complaint.

Upon screening Plaintiff's First Amended Complaint, the Court dismissed without prejudice the claims against Defendants Centurion and Naphcare because Plaintiff failed to "allege that any of the conduct described in Count Two was the result of a specific policy or custom of either Defendant."  (Doc. 10 at 18.)  Plaintiff now alleges that the conduct described in Count Two resulted from Defendants' specific customs.  Liberally

---

[1]  Because Plaintiff's proposed amendments are confined to Count Two, the Court will refrain from screening the remaining counts of the Second Amended Complaint, which are identical to the claims in Plaintiff's First Amended Complaint.

construed, Plaintiff has now stated Eighth Amendment claims in Count Two against Defendants Centurion and Naphcare.  Accordingly, the Court will require Defendants Centurion and Naphcare to answer Count Two.  All other provisions of the Court's original screening Order (Doc. 10) remain in full force and effect.

**IT IS ORDERED**:

(1) Plaintiff's Motion for Extension of Time for Service and Request for Instruction (Doc. 11) is **partially granted and partially denied**.  The Motion is **granted** to the extent Plaintiff requests an extension of the deadline for serving Defendant Fernandez.  The deadline for serving Defendants Fernandez is extended **sixty (60) days** from the date this Order is filed.  The Motion is **denied as moot** to the extent Plaintiff requests that the Court extend the service deadline for Defendants DeGuzman, Sweetapple, Dennis, and Marroquin.

(2) The Clerk of Court is directed to send Plaintiff an additional copy of a service packet for Defendant Fernandez, including the Second Amended Complaint, this Order, and both summons and request for waiver forms.

(3) Within 21 days of the date this Order is filed, Plaintiff must return a completed service packet for Defendant Fernandez and provide an address at which the United States Marshal's Service can effectuate service.  Alternatively, if defense counsel confirms that Defendant Fernandez wishes to waive service, defense counsel may file a waiver of service on behalf of Defendant Fernandez.

(4) Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 12) is **granted**.  Defendants Centurion and Naphcare[2] must answer Count Two of Plaintiff's Second Amended Complaint.

(5) All other provisions of the Court's original screening Order (Doc. 10) remain in full force and effect.

. . . .

. . . .

---

[2] Naphcare filed a waiver of service on April 10, 2024.  (Doc. 13.)

(6) The Clerk of Court is directed to update the docket to reflect the February 8, 2024 termination of Defendants Supply Manager Doe # 1, Nurse Doe # 2, Oliver, and Orm.

Dated this 10th day of June, 2024.

Honorable Rosemary Márquez
United States District Judge